MEMORANDUM OPINION




No. 04-02-00469-CR



Byron PROSSER,


Appellant



v.



The STATE of Texas,


Appellee



From the 144th Judicial District Court, Bexar County, Texas


Trial Court No. 2000-CR-1647


Honorable Mark R. Luitjen, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Alma L. López, Chief Justice

 Karen Angelini, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: November 5, 2003

 

AFFIRMED

 Byron Prosser was charged with burglary of a habitation and sentenced to ten years in prison. On
appeal, he argues that he received ineffective assistance of counsel. We affirm the judgment of the trial
court.

Background

 Prosser pled guilty to burglary of a habitation. On June 27, 2000, the trial court placed him on
deferred adjudication. On March 29, 2001, the State filed a motion to enter adjudication of guilt, alleging
that Prosser had violated the terms of his community supervision. The trial court granted the motion and
sentenced Prosser to ten years in prison. On August 21, 2001, Prosser filed a motion asking the trial court
to suspend his sentence and place him on probation. The trial court granted the motion and placed Prosser
on probation for ten years. On March 26, 2002, the State filed a motion to revoke probation, alleging that
Prosser had violated the terms of his probation by possessing a firearm, consuming alcoholic beverages,
failing to pay his supervisory fee, and failing to complete his community service requirement. Prosser pled
"true" to consuming alcoholic beverages. The trial court granted the motion to revoke probation, again
sentencing Prosser to ten years in prison.

 Prosser appeals the judgment of the trial court, arguing that the following acts constituted ineffective
assistance of counsel: 1) Trial counsel allowed Prosser to enter an involuntary plea of "true" at the hearing
on the motion to revoke probation; and 2) Trial counsel failed to object when, at the hearing on the motion
to revoke probation, the trial court failed to consider the full range of punishment.

Standard of Review

 Because the test for ineffective assistance of counsel is the same under the state and federal
constitutions, both inquiries are subsumed into one. Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex.
Crim. App. 1986). We measure a claim of ineffective assistance of counsel against the two-prong test
established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984). See
Hernandez, 726 S.W.2d at 55-57. The appellant must first show that his attorney's performance was
deficient, i.e., that his assistance fell below an objective standard of reasonableness. Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Second, assuming the appellant has demonstrated deficient
assistance, it is necessary to affirmatively prove prejudice. Id. In other words, the appellant must show a
reasonable probability that, but for his attorney's unprofessional errors, the result of the proceeding would
have been different. Id. A reasonable probability is a probability sufficient to undermine confidence in the
outcome. Id. 

 The assessment of whether a defendant received effective assistance of counsel must be made
according to the facts of each case. Id. at 813. Any allegation of ineffectiveness must be firmly founded in
the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Id. Under normal
circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was
so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that
counsel's conduct was reasonable and professional. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate
the merits of such a serious allegation. Id.; Thompson, 9 S.W.3d at 813. In the majority of cases, the
record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel.
Bone, 77 S.W.3d at 833.

Ineffective Assistance of Counsel

 Prosser argues that by allowing him to enter an involuntary plea of "true" at the hearing on the
motion to revoke probation, his attorney provided ineffective assistance of counsel. Prosser did not file a
motion for new trial to raise this issue. His complaint, therefore, involves action that may or may not have
been grounded in sound trial strategy. The record does not reflect the attorney's reasons for allowing him
to plead "true" to consuming alcohol. Accordingly, there is no basis on which to find that counsel's
representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the
presumption that counsel's conduct was reasonable and professional. Because Prosser's first allegation of
ineffective assistance of counsel is not firmly founded in the record, we overrule this issue.

 Prosser next argues that by failing to object when the trial court stated that it would not consider
the full range of punishment, his attorney committed ineffective assistance of counsel. The trial court did not,
however, make that statement. The dialogue Prosser points us to is as follows:



 Judge: Let's hear from the officers who were at the scene. And at that time I will
determine what his sentence is going to be. Your probation is revoked. You are going
back to prison. Now we're going to find out for just how long.

 Prosser: Sir, may I ask you something, sir?

 Judge: Yeah.

 Prosser: Can you like have a mercy on the Court to like lower it lower than ten years, like five?

 Judge: That's what we're going to decide when we come back and find out whether or not you're lying to me today.

 Prosser: Sir--

 Judge: Because if you're lying to me today--

 Prosser: I'm telling you the truth.

 Judge: --you're going to get the ten years--

 Prosser: I'm telling you the truth.

 Judge: Follow me? I will make that decision when I hear from the other officers.


This exchange does not reflect a refusal by the trial court to consider the full range of punishment. To the
contrary, it shows that the trial court was waiting for other testimony before making that decision.

 Even if the record did show, however, that trial counsel failed to object when the trial court refused
to consider full range of punishment, the record does not reflect the attorney's reasons for failing to make
such an objection. Accordingly, Prosser's second allegation of ineffective assistance of counsel is not firmly
founded in the record.

 Where allegations of ineffective assistance are not firmly grounded in the record, the issues are
better presented within the framework of a post-conviction writ of habeas corpus under article 11.07 of
the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2003); Ex parte
Torres, 943 S.W.2d 469, 475-76 (Tex. Crim. App. 1997); see also Thompson, 9 S.W.3d at 813 ("A
substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct
appeal. Rarely will a reviewing court be provided the opportunity to make its determination on direct
appeal with a record capable of providing a fair evaluation of the merits of the claim . . . ."). 

Conclusion

 Because Prosser's allegations of ineffective assistance of counsel are not firmly founded in the
record, we affirm the judgment of the trial court.


 Karen Angelini, Justice


 

Do not publish